FREDERICK D. SAMPSON *vs.* APPLETON CLARK.

Where a judgment is obtained against an insolvent debtor, after the first publication of the notice of issuing the warrant, the judgment is not provable against his estate, because it was not in existence, at the time of such publication, and the original debt is not provable, because it is merged in the judgment.

THIS was an appeal from a decision of the judge of probate, disallowing the claim of the plaintiff against the estate of William H. Honey, an insolvent debtor, of which the defendant was assignee ; and was submitted to the court upon the following facts : —

The plaintiff, having an action of assumpsit pending in the court of common pleas, against William H. Honey, on which the real estate of the latter was attached, brought the same to trial, at the December term, 1846, and recovered a verdict therein for $21·30. Judgment was rendered for the plaintiff, as of the last day of the term, which was the 13th of February, 1847, for $21·30, debt, and for $40·87, costs of suit, and execution was regularly issued thereon.

William H. Honey presented his petition to the judge of probate, for the benefit of the insolvent law, on the 8th, and a warrant was thereupon issued, notice of which was first

. 15 *

published on the 10th, of February, 1847; but neither· of these facts was known to the plaintiff or his attorney, at the time of the issuing of the execution on his judgment.

The plaintiff presented his judgment to the judge of probate, for proof and allowance against the estate of Honey, claiming the amount of the costs in full as a preferred demand, and the debt as entitled to a dividend. The judge of probate rejected both claims,. and the plaintiff appealed to this court.

*F. H. Dewey,* for the plaintiff.

*E. Fuller,* for the defendant.

METCALF, J. The court are of opinion that the plaintiff's claim was rightly disallowed by the judge of probate. By *St.* 1838, *c.* 163, § 3, no debt (with some exceptions that do not affect this case) can be proved and allowed against an insolvent debtor, which is not due and payable at the time of the first publication of the notice that a warrant has issued for taking possession of his estate; and by § 7, he can be discharged from such debts only as are proved or provable against his estate. These provisions seem to be decisive of the present question. The judgment, on which the plaintiff's claim is founded, was not rendered against Honey, the insolvent debtor, until three days after the first publication of notice that the warrant had issued. The judgment debt, therefore, cannot be proved against the estate of Honey. And the original debt or claim, on which the judgment was recovered, ceased to be provable, because it was extinguished by the judgment. See Chit. Con. (5th Am. ed.) 786 *a ;* Bayley on Bills, (2d Am. ed.) 352 ; Bac. Ab. Extinguishment, D.

The statute of 1841, *c.* 124, § 6, was cited in support of the plaintiff's claim to the costs of his suit. But that statute allows the costs of a suit to be proved and allowed only when " the claim upon which the suit shall be commenced shall be proved against the insolvent." In the present case, that claim has not been so proved. And, for the reason already given, it cannot now be proved. If the plaintiff had not proceeded to judgment, after the first publication of notice, he might

nave brought his case within this statute. But, as the facts are, he has not only lost his attachment, but also the right of proving any claim against his debtor, under the proceedings in insolvency. His judgment, however, stands good against Honey. Such is the legal result of the application of the provisions of our insolvent laws to these peculiar facts.

There are several decisions under the recent English bankrupt acts, which, at first view, seem to favor the plaintiff's claim in this case. *Robinson* v. *Vale,* 4 Dowl. & Ryl. 430, and 2 Barn. & Cres. 762; *Ex parte Birch,* 7 Dowl. & Ryl. 436, and 4 Barn. & Cres. 880; *Ex parte Lloyd,* 17 Ves. 245, and 1 Rose, 4; Owen on Bankruptcy, *c.* 11. But these decisions are found, on examination, to have proceeded upon the special provisions and phraseology of those acts, and to be inapplicable to the case at bar, which depends on our own insolvent laws.